UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:21-cv-00245

———

**The Burlington Insurance Company,**
*Plaintiff,*

v.

**Hans V. Hansen et al.,**
*Defendants.*

———

# DEFAULT JUDGMENT

After the default judgment hearing held on August 12, 2022, the court finds good cause to grant default judgment against the Hansens. The agreed motion for entry of final judgment (Doc. 26) is construed as an application for default judgment against the Hansens based on the clerk's entry of default.

Before a default judgment is proper, a plaintiff must establish three elements: (1) a default resulting from the failure by a defendant to plead or otherwise respond to a complaint within the time required by Federal Rule of Civil Procedure 12; (2) a clerk's entry of the defendant's default when established by affidavit or other filing according to Federal Rule of Civil Procedure 55(a); and (3) an application for default judgment based on such default. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). But a plaintiff is "not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Indeed, default judgments are "generally disfavored" as a matter of policy. *Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984). The court must consider "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.

1998). A party is entitled to default judgment only if, after reviewing these factors, the court finds it appropriate.

Plaintiff has satisfied the three required elements for a default judgment. *See N.Y. Life Ins.*, 84 F.3d at 141. The court's records show that Hans V. Hansen and Karen M. Hansen were both served on December 27, 2021. Docs. 14, 15. Defendants were properly served and have not responded to the complaint within the established timeframes. In addition, the clerk entered a default against the Hansens (Doc. 17), and the agreed motion for entry of final judgment (Doc. 26) is construed as an application for default judgment based on the clerk's entry of default. Thus, plaintiff has satisfied its procedural requirements, and the grounds for default are clearly established.

Defendants, the Hansens, have neither appeared nor responded to this lawsuit, and "by [their] default, admit[] the plaintiff's well-pleaded allegations of fact." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Each defendant was personally served with a summons, which warned that failure to respond would result in a default judgment. *See* Docs. 3–5. Moreover, defendants have not argued that their failure to answer was due to good-faith mistake or excusable neglect.

In weighing these facts against the considerations identified in *Lindsey*, 161 F.3d at 893, and the court's policy generally disfavoring default judgments, *see Mason & Hanger-Silas Mason Co., Inc.*, 726 F.2d at 168, the court finds that default judgment is appropriate. Thus, default judgment is granted against the Hansens. The Burlington Insurance Company has no duty to defend or indemnify Hans V. Hansen and Karen M. Hansen in the underlying lawsuit, *Gunstream Land Corporation v. Hans V. Hansen et al.*, 6:21-cv-00451.

Federal Rule of Civil Procedure 21 provides that the court may at any time, on just terms, add or drop a party. Finding good cause, the court dismisses defendant Gunstream with prejudice on the terms Gunstream and Burlington agreed upon (Doc. 26). Any pending motions are denied as moot. The clerk of court is directed to close this case.

*So ordered by the court on August 12, 2022.*

_____
J. CAMPBELL BARKER
United States District Judge